UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Resource Management Company

    v.                                  Civil No. 06-cv-366-JD

Janet Peschong, Personal
Representative for the
Estate of Frank Gregory, Deceased

**O R D E R**

Plaintiff has refiled against the representative of the Estate of Frank Gregory a "Motion for the Defendant to Show Cause Why He Should Not be Held in Contempt of Court and to Sequester Funds."  Plaintiff states that "(t)he grounds for this Motion include F.R.C.P. Rules 64 and 70."  (Document no. 120, page 2).

Background

This suit arises out of a loan plaintiff made to defendant's decedent to help finance certain legal claims brought by decedent in Fen-Phen cases.  The agreement between plaintiff and defendant is a classic example of "champerty and maintenance."  "Champerty" is "(a)n agreement between an officious intermeddler in a lawsuit and a litigant by which the intermeddler helps pursue the litigant's claim as consideration for receiving part of any judgment proceeds ..."  Black's Law Dictionary (8th Ed.) p. 246.

"Maintenance" is "(a)ssistance in prosecuting ... a lawsuit given to a litigant by someone who has no bona fide interest in the case."  Id. at 973.

Here decedent sold an interest in cases he was handling to plaintiff for a money advance to finance the cases.  Plaintiff's suit is based upon claims that he has not been paid what was due to him under the contract.  While champerty and maintenance has not been illegal for decades, the practice is not admired by the bar at large nor by the public.

Plaintiff is not "Resource Management Company, LLC" but Benjamin C. Riggs, Jr., pro se.  While he is obviously very bright, he has made this case more difficult for himself than it needed to be.  He is not a lawyer and is not knowledgeable in the law.  Instead of filing his suit in Oklahoma where the decedent and the money were, he tried to avoid legal fees and filed pro se here in New Hampshire.  Instead of seeking an attachment in Oklahoma, he tried to get the equivalent in injunctive relief here.  Instead of subpoenaing documents from third parties (which he ultimately did) he persisted in demanding discovery decedent denied he possessed.

Whether decedent defrauded plaintiff remains to be seen. However, what is clear is that plaintiff continues to demonstrate his need for a lawyer.  He wastes his effort, the estate's money and the court's time.

### Discussion

Plaintiff improperly seeks to incorporate two other motions and their exhibits into this motion.  Document no. 120-1, p. 1. U.S. District Court for the District of New Hampshire Local Rule ("LR") 7.1(1) prohibits this procedure and I will not consider either motion on an incorporated by reference basis.

Second, plaintiff relies upon Exhibits A, B, B-1, C and D, none of which have been authenticated.  They can not therefore be considered.  Third, while plaintiff does show a suspicious pattern in some unauthenticated transactions between decedent and Richard Kiser, the evidence does not prove a fraudulent transfer of funds to which plaintiff is entitled.  That conclusion is even stronger as it relates to the transition between decedent and John and Judy Gregory.

While plaintiff may be able to ultimately prove fraud, this motion is not a summary judgment motion nor a trial.  It is a creation of plaintiff's imagination under two rules that do not

apply.  Furthermore, plaintiff's affirmation of facts does not satisfy me that Gregory defrauded him.

Finally, Fed. R. Civ. P. 64 simply does not provide for sequestration of funds in Oklahoma by a New Hampshire Federal Court.  This court under Rule 64 must look to New Hampshire law.  New Hampshire law provides no such remedy over funds in Oklahoma.  Plaintiff also totally misperceives what Rule 70 is and how it applies.

This motion is ill conceived and frivolous.  Defendant is entitled to costs in opposition to this motion.  Plaintiff's pro se status is no excuse.

The motion (Document no. 120) is denied.  Attorneys' fees are awarded to defendant.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: March 4, 2008

cc:  Benjamin C. Riggs, Jr., pro se
     Peter G. Callaghan, Esq.