UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Benjamin C. Riggs, Jr.,
d/b/a Resource Management Company


    v.                                      Civil No. 06-cv-366-JD
                                               Opinion No. 2008 DNH 097

Janet Peschong, Personal
Representative for the Estate
of Frank Gregory


O R D E R


    Benjamin C. Riggs, Jr., doing business as Resource

Management Company, is proceeding pro se in this action

originally filed in New Hampshire state court against Frank

Gregory, who was an attorney practicing in Oklahoma.  Riggs

alleges claims that arose from a transaction in which Resource

Management advanced funds to Gregory and Gregory agreed to pay

Resource Management certain amounts from Gregory's contingent

fees in pending "Fen-Phen injury cases."  Gregory removed the

case to this court.


Background

    Early in the case, Riggs sought a preliminary injunction to

prevent Gregory from spending any of the funds to which Riggs

claimed a right under their agreement.  Following a hearing, the

motion was denied because Riggs failed to show that he would
suffer irreparable harm without injunctive relief.  On January
16, 2007, less than two weeks after the court's approval of the
magistrate judge's report and recommendation against injunctive
relief, Riggs filed another motion for a preliminary injunction,
along with a petition for attachment.  The second motion was
denied after a hearing because Gregory agreed to transfer the
contested funds into an escrow account held by Gregory's
counsel's office.  The petition to attach was denied because the
subject property was in Oklahoma.  While that motion was pending,
Riggs also moved to compel discovery, which was granted.  In
response to another motion filed by Riggs, the court ordered that
certain funds from disputed cases be paid into an escrow fund to
be held by the Clerk of Court.

     Dissatisfied with Gregory's compliance with the agreement to
deposit funds into an escrow fund, Riggs filed a motion to show
cause why Gregory should not be held in contempt and also filed
an amended complaint in which he added a claim for breach of
fiduciary duty and requested appointment of a receiver in
Oklahoma.  Gregory moved to stay the case pending a resolution of
his challenge to this court's jurisdiction, which was denied.
The magistrate judge held a hearing on Riggs's motions and ruled
from the bench, ordering Gregory to produce information on a

spread sheet, with back up documents, about the cases, settlements, and fees in dispute.  The magistrate denied Riggs's other motions, including the motion for a show cause order.

In July of 2007, Riggs moved for a final default against Gregory and also moved for summary judgment on Gregory's counterclaim.  Riggs filed another motion for a show cause order. While those motions were pending, the court received a letter from Gregory's attorney indicating that Gregory had died.  The court issued an order of a suggestion of death.  In response to a motion filed on behalf of the deceased defendant, the case was stayed for ninety days to permit substitution of a representative for the decedent's estate.

In January of 2008, Janet Peschong, as Administratrix of the Estate of Frank Gregory, was substituted as the defendant. Riggs's motions that were pending when Gregory died were denied without prejudice.  Riggs then refiled his motions naming the substituted defendant.  The magistrate judge denied Riggs's motions for final default and for a show cause order and also denied his motion for reconsideration of the order denying the motion for a show cause order.  Riggs objects to the magistrate's ruling on his motion for a show cause order.

### Discussion

Riggs asks the court to order Peschong to show cause why she should not be held in contempt of court for failing to maintain funds in an escrow account as Gregory previously agreed and was ordered to do.  Riggs also contends that Gregory's failure to provide financial records has prevented Riggs from determining what fees have been deposited.  He seeks an attachment pursuant to Federal Rules of Civil Procedure 64 and 70 and an order that $96,867.25 of fees received by Gregory be paid into the escrow account, which holds $103,500, for a total of $200,367.25.  He also asks the court to make two findings on the merits of his claims that he could then file in the probate court in Oklahoma in support of his claims there.

The magistrate judge noted that it was improper for Riggs to incorporate by reference other motions and exhibits into the motion for a show cause order and did not consider the referenced motions and exhibits.  Of the exhibits submitted with the motion for a show cause order, the magistrate judge did not consider five exhibits because they were not authenticated.  The magistrate held that Riggs had not proven fraud, that the motion Riggs filed was not seeking summary judgment, which precluded a finding on the merits, and that Rules 64 and 70 did not provide

the relief Riggs sought.  The magistrate also held that Riggs's

motion was ill-conceived and frivolous and awarded costs to

Peschong.

When a timely objection to a non-dispositive order issued by

a magistrate judge is filed, the court will "modify or set aside

any part of the order that is clearly erroneous or is contrary to

law."  Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

A party cannot raise new arguments that were not presented to the

magistrate in an objection to a magistrate's order.  Guillemard-

Ginorio v. Contreras-Gomez, 490 F.3d 1, 37 (1st Cir. 2007).  A

magistrate judge's findings are clearly erroneous if "after

scrutinizing the entire record, [the court] form[s] a strong,

unyielding belief that a mistake has been made."  Phinney v.

Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999).

In his objection, Riggs challenges the magistrate's

reference to the money advanced by Resource Management as a loan,

the use of "LLC" after Resource Management Company, a "finding"

that the case should have been filed in Oklahoma, the ruling that

certain exhibits were not authenticated, and the ruling that Rule

64 does not provide the relief Riggs sought.  Riggs states that

he was asking the court to enforce its previous orders and was

seeking injunctive relief, which must be decided by the court

rather than a magistrate judge. Peschong objects to Riggs's objection to the magistrate's order.

As a preliminary matter, Riggs failed to comply with Local Rule 7.1(c), which requires a party to certify to the court "that a good faith attempt has been made to obtain concurrence in the relief sought." Riggs merely stated: "I was unable to obtain the prior Defendant's cooperation." The purpose of the concurrence rule is to conserve the time and resources of parties and the court, which did not happen in this case.

Riggs admits that he has not made a discovery request in this case since last summer, before Gregory died. He apparently has made no effort to resolve his claims, discovery disputes, and issues pertaining to the escrow fund with the substituted party, Janet Peschong and her attorney. Instead, Riggs has refiled old motions based on circumstances that existed before Gregory died.

Riggs's certification at the end of his memorandum, based on his knowledge and belief, does not serve as an affidavit or as authentication for the exhibits he submitted. As the magistrate stated, a motion for a show cause order is not the proper procedure for seeking dispositive relief on the merits of Riggs's claims. Riggs has not shown that the magistrate judge's order, including the award of costs to Peschong, is clearly erroneous or contrary to law.

Peschong and her counsel shall review and comply with all of the orders that have been entered in this case to date.  Before seeking nondispositive relief from the court, Riggs shall contact counsel for Peschong and make a good faith effort to resolve the dispute.  If a matter cannot be resolved through the parties' best good faith efforts, the dissatisfied party may move for relief by filing a properly supported motion that includes the certification required by LR 7.1(c).

## Conclusion

For the foregoing reasons, the plaintiff's objection (document no. 136) to the magistrate judge's order (document no. 132) is denied.


SO ORDERED.


Joseph A. DiClerico, Jr.
United States District Judge

May 6, 2008

cc:  Peter G. Callaghan, Esquire
     Douglas N. Gould, Esquire
     Resource Management Company, pro se