UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Benjamin C. Riggs, Jr.</u>
<u>d/b/a Resource Management Company</u>

    v.                                Civil No. 06-cv-366-JD
                                         Opinion No. 2008 DNH 096

<u>Janet Peschong, Personal</u>
<u>Representative for the Estate</u>
<u>of Frank Gregory</u>


O R D E R

Benjamin C. Riggs, Jr., doing business as Resource Management Company, is proceeding pro se in this action originally filed in New Hampshire state court against Frank Gregory, who was an attorney practicing in Oklahoma. Gregory removed the action to this court. After Gregory's death last summer, the administratrix of his estate, Janet Peschong, was substituted as the defendant in this case.

In his amended complaint, Riggs alleges claims of breach of contract, fraud, conversion, and breach of fiduciary duty. He also requests a receivership. Riggs's claims arose from a transaction in which Resource Management advanced funds to Gregory and Gregory agreed to pay Resource Management certain amounts from Gregory's contingent fees in pending "Fen-Phen injury cases." Peschong alleges affirmative defenses and a

counterclaim against Riggs seeking a declaratory judgment that Riggs's rights under the agreement with Gregory are limited to 13.33% "of any recovery of the cases described in the contract net of costs claimed by Bonham and Hudson and 'out of pocket costs.'"  Riggs moves for summary judgment on Peschong's counterclaim.

## Discussion

Riggs seeks summary judgment on Peschong's affirmative defenses and counterclaim on the grounds that they were not timely filed and that Peschong lacks evidence to prove them. Peschong objects to the motion, noting that Riggs failed to provide a statement of undisputed material facts in support of his motion and arguing that her interpretation of the agreement supports her counterclaim.  Riggs filed a reply to respond to particular paragraphs in Peschong's objection.

### A. Timeliness

A responsive pleading to an amended complaint must be filed within ten days after service of the amended complaint.  Fed. R. Civ. P. 15(a)(3).  All counterclaims and affirmative defenses must be filed as part of the answer.  Fed. R. Civ. P. 8(c), 12(b), & 13(a).  Leave is required to file an answer and a

counterclaim after the time allowed by the rules.  See Fed. R. Civ. P. 15(a)(3); Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003).

Riggs filed an amended complaint on April 17, 2007.  Gregory filed an answer with affirmative defenses and a counterclaim on May 22, 2007, without first seeking leave to file outside of the ten-day period.  Although Riggs pointed out that the answer and counterclaim were untimely in his answer to the counterclaim and in his motion for summary judgment, Peschong has not addressed that issue.

Because Gregory's answer and counterclaim were untimely filed without leave, they are stricken.  To avoid default, Peschong shall file a motion for leave to file a late answer and counterclaim, addressing the grounds required, within ten days of the date of this order.  If no motion for leave is filed within the time allowed, default will be entered against Peschong.

B.  Summary Judgment

Peschong is correct that Riggs failed to file a properly supported statement of undisputed material facts in support of his motion for summary judgment.  LR 7.2(b)(1).  Riggs attempted to support his motion with a "certification" that his memorandum

was true to the best of his "knowledge and belief."  For both reasons, Riggs's motion was not properly supported.

To be competent to support a motion brought under Federal Rule of Civil Procedure 56(c), an affidavit must be based on the affiant's personal knowledge.  Fed. R. Civ. P. 56(e); Livick v. The Gillette Co., --- F.3d ---, 2008 WL 1747225, at *2 (1st Cir. Apr. 17, 2008).  "[A]n unsworn statement signed under penalty of perjury may be used, in lieu of a sworn statement or affidavit, to support or oppose a motion for summary judgment."  Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 689 (1st Cir. 1993).  A statement that facts in an unsworn motion or memorandum are true to the best of the affiant's knowledge and belief is not an affidavit for purposes of Rule 56(e).  F.D.I.C. v. Roldan Fonseca, 795 F.2d 1102, 1106 (1st Cir. 1986).

Therefore, to avoid further delay and unproductive motion practice in this case, Riggs is put on notice that any motions he files must comply with all applicable federal rules and the local rules of this district.  If he continues his past practices, which do not conform to the rules, he may be subject to sanctions, including but not limited to a summary denial of any nonconforming motion.

Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (document no. 121) is granted to the extent the defendant's answer and counterclaim are stricken and is otherwise denied as moot.

The defendant shall file a motion for leave to file an untimely answer and counterclaim, addressing the grounds required for leave to make a late filing, within **ten days** of the date of this order. The plaintiff shall have **ten days** to file a response. If no motion for leave is filed within the time allowed, default will be entered against the defendant.

SO ORDERED.

　　　　　　　　　　　　　　　　　　／s／ Joseph A. DiClerico, Jr.
　　　　　　　　　　　　　　　　　　Joseph A. DiClerico, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge

May 6, 2008

cc: Peter G. Callaghan, Esquire
　　 Douglas N. Gould, Esquire
　　 Resource Management Company, pro se