UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Benjamin C. Riggs, Jr.</u>
<u>d/b/a Resource Management Company</u>

    v.                              Civil No. 06-cv-366-JD

<u>Janet Peschong, Personal</u>
<u>Representative for the Estate</u>
<u>of Frank Gregory</u>


<u>O R D E R</u>

    Benjamin C. Riggs, Jr., proceeding pro se, filed a motion to compel Janet Peschong to direct her counsel in the probate proceeding in Oklahoma to transfer funds held in counsel's trust account to the court's account, opened for this case.  Peschong objected to the motion to compel.  Riggs filed a motion for leave to file a reply to the objection.  Peschong objected to the motion for leave to reply because Riggs failed to comply with Local Rule 7.1(c) and argued that Riggs's reply missed the point of the objection.  Riggs moved to strike Peschong's objection to his motion for leave to file a reply.

    Local Rule 7.1(c) applies to all motions filed in this court, including motions for leave to file a reply.  If the reply is to an objection to a dispositive motion, however, the filing party provides notice of an intent to file a reply but does not move for leave to reply.  LR 7.1(e)(1).  A notice of intent to

file a reply is not governed by Local Rule 7.1(c) because a notice is not a motion seeking relief.  Because Riggs filed a motion for leave to file a reply to Peschong's objection to Riggs's nondispositive motion, he was required to follow the requirements of Local Rule 7.1(c).

Failure to comply with the requirements of local rules can result in sanctions.  LR 1.3(a).  The court, however, may excuse a failure to comply with a local rule.  LR 1.3(b).  In this instance, the court will excuse Riggs's failure to seek concurrence.

Riggs argues in part that Peschong's objection to his motion for leave to reply should be stricken because it includes a substantive response to his proposed reply, which would require leave of the court to file a surreply.  The court agrees that Peschong's substantive arguments are not properly presented in her objection.  That part of the objection will not be considered for purposes of deciding Riggs's motion to compel.

Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file a reply (document no. 168) is granted.  The plaintiff's motion to strike (document no. 170) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 24, 2008

cc:  Peter G. Callaghan, Esquire
     Douglas N. Gould, Esquire
     Resource Management Company, pro se