```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Benjamin C. Riggs, Jr. d/b/a
Resource Management Company

   v.                                     Civil No. 06-cv-366-JD
                                            Opinion No. 2008 DNH 184

Janet Peschong, Personal
Representative for the
Estate of Frank Gregory

## O R D E R

Benjamin C. Riggs, proceeding pro se, moves to compel Janet Peschong to direct her attorney in a probate proceeding in Oklahoma, Douglas C. Gould, to transfer all funds he received from Frank Gregory, which he is holding in his client trust account, to the account opened by the court for this case. In support of his motion, Riggs accuses Gould of operating under a conflict of interest and accuses others, associated with Gregory's estate, of misconduct. Peschong objects, contending that when Gregory died, the escrow funds held by Gould became property of Gregory's estate which is under the jurisdiction of the probate court in Oklahoma.

### Background

Riggs brought suit on September 1, 2006, in Carroll County (New Hampshire) Superior Court, alleging claims against Frank

Gregory that arose from their dealings in which Riggs, operating as Resource Management Company, advanced money to Gregory in exchange for agreed payments from Gregory's expected attorneys' fees earned in "Fen-Phen" litigation.  Gregory then removed the case to this court, based on diversity jurisdiction.  Riggs moved for a preliminary injunction to prevent Gregory from using the attorneys' fees he received, which was denied because Riggs could not show a likelihood of irreparable harm.

Several months later, Riggs moved for a preliminary injunction and an attachment.  Riggs sought an order prohibiting Gregory from using or disposing of any funds he received as legal fees from the Fen-Phen cases until he deposited the amount Riggs's claimed in this suit with the court or into a trust account held by his New Hampshire counsel.  Riggs also sought an attachment against Gregory's property in Oklahoma.

The magistrate judge held a hearing during which he explained to Riggs that this court cannot attach property that is outside of its jurisdiction.  The magistrate also noted that Gregory had agreed to transfer money from his personal trust account to his counsel's trust account.  Based on those circumstances, the motion was denied.  Gregory's counsel later withdrew, and Gregory filed an appearance to proceed pro se.  A

few months later, Douglas Gould filed an appearance on Gregory's behalf.

In response to Riggs's motion for payment of fees held by a law firm associated with Gregory in the Fen-Phen cases, Petroff & Associates, the court ordered the parties "to provide Petroff a directive and agreement to place the funds in escrow with the Clerk of this Court to be paid out in accordance with the judgment of this Court."  R & R (dkt. no. 62), approved on June 11, 2007 (dkt no. 77).  The docket shows that the court received $15,689.88 on June 29, 2007.

On September 5, 2007, Gregory's counsel filed a letter explaining that Gregory had died.  The court construed the letter as a suggestion of the defendant's death, and the case was then stayed to permit substitution of a representative of the estate for the decedent.  On January 8, 2008, Janet Peschong, as Administratrix of the Estate of Frank Gregory, was substituted as the defendant.  Counsel filed a notice of appearance on her behalf.

An estate proceeding was initiated in probate court in Oklahoma, <u>In the Matter of the Estate of Frank Gregory</u>, Case. No. PB-2007-1049 (District Court, Okla. County, Okla. Jan 3, 2008).  Gould represents Peschong in the probate proceeding.  On March 10, 2008, Gould filed a claim in the probate proceeding for

payment of $6,695.74 for attorneys' fees owed from his representation of Gregory in the case pending here. Prior to filing his claim, Gould had been paid $5,000 toward the amount Gregory owed him. Riggs also filed a claim and is represented by counsel in the probate proceeding in Oklahoma. Riggs and Gould have raised the issue of Riggs's claim to Gregory's funds held in Gould's client trust account in the probate proceeding, although the disposition of that issue, if any, has not been reported here.

## Discussion

Riggs seeks an order to compel Peschong to direct Gould to deposit Gregory's funds that are held in Gould's client trust account into the court's escrow account. Peschong objects to the motion on the ground that Gregory's funds that are held in Gould's client trust account are part of Gregory's estate. She contends that the "probate exception" to this court's jurisdiction precludes the relief Riggs seeks.

The jurisdiction of federal courts is limited by the "'probate exception.'" Marshall v. Marshall, 547 U.S. 293, 308 (2006). Under that exception, federal courts will not interfere with the administration of an estate and are precluded "from endeavoring to dispose of property that is in the custody of a

4

state probate court." Id. at 311.  Despite the exception, federal courts retain the power to adjudicate the rights of creditors and others to the decedent's estate.  Id.

Riggs asks the court to take custody of Gregory's funds held in Gould's client trust account by ordering Peschong to direct Gould to deposit the funds into escrow with the court.[1] Peschong contends that those funds are part of Gregory's estate and are within the jurisdiction of the probate court.[2] Riggs argues that the funds are not part of Gregory's estate under Oklahoma law, based on Wilson v. Kane, 852 P.2d 717 (1993).

In Wilson v. Kane, the Oklahoma Supreme Court considered whether a probate court's proceedings had preclusive effect to bar claims made by Wilson against the personal representative of her uncle's estate, Kane.  Id. at 719.  Wilson's uncle bought certificates of deposit payable to Wilson upon his death, but Kane cashed the certificates and deposited the proceeds into the estate.  Id.  The probate court ruled that the certificates of

---

[1] Riggs does not ask for an order to compel Gould to deposit the disputed funds into escrow with the court.  He acknowledges that Gould is no longer appearing in this case and recognizes that Gould and the disputed funds are in Oklahoma, not New Hampshire.

[2] Peschong merely cites the Oklahoma statute pertaining to probate procedures to show that the disputed funds are part of Gregory's estate.

5

deposit were Wilson's property, not property of the estate, and ordered the proceeds to be paid to her.  Id. at 719-20.

Wilson brought a claim of "conversion of nonprobate assets by mismanagement" against Kane arising from his treatment of the certificates of deposit.  Id. at 720-21.  Kane argued that res judicata barred Wilson's claims because she could have, but did not, raise the conversion claim in the probate proceeding.  Id. The supreme court ruled that because Wilson's claim was for conversion of her personal property, not probate assets, her claim was not within the probate court's limited jurisdiction. Id. at 722.  As a result, res judicata did not bar her claim. Id.

Wilson v. Kane is not applicable to the circumstances of this case.  Unlike the certificates of deposit at issue there, which became Wilson's property upon the death of her uncle, the disputed funds here were not Riggs's property at the time of Gregory's death.[3]  Riggs has not shown that Gregory's funds, which were held in Gould's client trust account, did not become part of Gregory's estate when Gregory died.

---

[3]Although Riggs states that an estate does not include secured interests and tax liens, he cites no authority to support his assertion.

6

Based on the record presented, this court lacks jurisdiction, under the probate exception, to interfere with the administration of the estate in Oklahoma.  In the absence of jurisdiction over the funds in Gould's account, the court cannot compel Peschong to direct Gould to have the disputed funds deposited here.

## Conclusion

For the foregoing reasons, the plaintiff's motion to compel (document no. 163) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 2, 2008

cc:  Peter G. Callaghan, Esquire
     Douglas N. Gould, Esquire
     Resource Management Company, pro se