UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Resource Management Company

    v.                              Civil No. 06-cv-366-JD

Janet Peschong, Administratrix
of the Estate of Frank Gregory

**O R D E R**

Plaintiff seeks to have the court find defendant in contempt for failure to comply with the court's July 29th discovery order. Defendant objects.

**DISCUSSION**

The requests and the July 29th order are considered in the numerical order of the requests for production.

    1.a. Request no. 1: "Copies of all invoices and records of payments made on Frank Gregory's property located in Afton, Oklahoma since he purchased it."

    b. Order: "Plaintiff is entitled to either supplementation or a straight-forward statement that there are no supplementary documents."

    c. Defendant's Response: "Defendant is not in possession

of any such documents.  The Property is in foreclosure."

    d.  <u>Discussion and order</u>: Without any demonstration of his basis for saying it, plaintiff claims that defendant is required to have these documents in her possession or control.  He also points out that defendant's response is not a "straight-forward statement that there are no supplementary documents."  Mr. Riggs is technically correct.  However, the answer is sufficient if in fact the documents no longer exist.  Decedent's files are with his son but they are in the legal control of defendant.  Defendant has not indicated that she has gone through those files to search for his personal real estate file.  Defendant is ordered to review the files in her brother's possession for decedent's real estate file, produce any invoices and records of payment found in any such file for the property, or state that no such documents and/or file were found.

    2.a.  <u>Request no. 2</u>: "Copies of all records of income received in the name of Frank Gregory or his estate since September 2, 2007."

    b.  <u>Order</u>: "Defendant is ordered to provide the records offered or to state that there are none."

    c.   <u>Response</u>: "Plaintiff is referred to the Accounting filed in the probate case . . .(etc.)."

    d.   <u>Discussion and order</u>: Mr. Riggs states that "(y)et the request was for all income records since 9/2/2007."  His argument is incomprehensible and he has not shown that the response is insufficient.  Motion denied as to #2.

  3.a.   <u>Request no. 3</u>: "Copies of all bank statements and checks of the bank account identified as "Arvest" in his deposition of August 27, 2007."

    b.   <u>Order</u>: "Defendant is ordered to provide all Arvest account records directly or indirectly related to the 67 cases or to clearly state that there are none."

    c.   <u>Response</u>: "See documents attached (005-013)."

    d.   <u>Discussion and order</u>: Mr. Riggs complains that all that was produced were records for June 2007.  Defendant argues that she produced all she had and if Riggs believes there are more he should subpoena them.  I agree.  Defendant is not required to get any such records from the bank.  The response was as complete as it could be and the motion is denied as to #3.

  4.a. <u>Request no. 4</u>: "Copies of all bank accounts or other financial accounts in which any of the proceeds of the check dated march 6, 2006 from Richard Kiser to Frank Gregory in the amount of $324,182.63."

  b. <u>Order</u>: "Granted."

  c. <u>Response</u>: "Defendant is not in possession of any such documents."

  d. <u>Discussion and order</u>: Defendant's answer is sufficient and she cannot be compelled to produce that which she does not possess or control. The motion is denied as to #4.

  6.a. <u>Request no. 6</u>: "Identify and attach all documents, photographs, motion picture films, videotapes, recordings, e-mails, or other tangible things not provided per above or previously that relate in any way to the subject matter of this lawsuit."

  b. <u>Order</u>: "Plaintiff is entitled to either supplementation or a straight-forward statement that there are no supplementary documents."

  c. <u>Response</u>: "Defendant is not in possession of any additional materials relative to the subject matter of this

lawsuit.  Please note there are documents relating to the client files, but those are believed to be protected by the attorney-client privilege, and notes of Mr. Gregory about this suit are subject to the work product protection and attorney-client privilege."

  d. <u>Discussion and order</u>: Mr. Riggs argues that the entire file in each of the 67 cases is not privileged, only attorney-client communications.  He is correct and defendant has acknowledged that and has offered the files for review.  As to Request no. 6, the motion is therefore moot.


  7.a. <u>Request no. 7</u>: "Attach copies of any documents not already provided herein that you referred to or that assisted you in responding to this Request."

  b. <u>Order</u>: The order is the same as it was for no. 6 above.

  c. <u>Response</u>: "There are no responsive documents."

  d. <u>Discussion and order</u>: The response is sufficient and the motion is denied as to Request no. 7.


 The motion (document no. 177) is granted in part, moot in

part, and denied in part.  Neither party is entitled to attorneys fees.

    **SO ORDERED.**

                                                _____
                                                James R. Muirhead
                                                United States Magistrate Judge

Date: November 14, 2008

cc:   Benjamin C. Riggs, Jr.
      Douglas N. Gould, Esq.
      Peter G. Callaghan, Esq.