UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Benjamin C. Riggs, Jr., d/b/a</u>
<u>Resource Management Company</u>

    v.                              Civil No. 06-cv-366-JD

<u>Janet Peschong, Personal</u>
<u>Representative for the</u>
<u>Estate of Frank Gregory</u>


O R D E R

    Benjamin C. Riggs moved to have Janet Peschong found in contempt for failing to comply with the court's discovery order issued on July 29, 2009.  On November 14, 2008, the magistrate judge granted the motion to the extent of requiring Peschong to review certain files and to produce responsive documents or state that none were found.  The motion was otherwise denied.

    Riggs moved for reconsideration, arguing that his request to review client files was not moot, as the magistrate judge found, and that the magistrate failed to consider Peschong's failure to produce certain emails.  In response, Peschong explained the interaction between Riggs and her counsel on the issues he raised and asserted that the magistrate's ruling on Rigg's motion for contempt was correct and that the motion for reconsideration was unnecessary because the issues had been addressed by the parties. Peschong further stated that Riggs's first request for the emails

was made in his motion for contempt, so that it had not been considered by the parties or the court in the course of discovery. As a result, the emails were not an appropriate subject for the contempt motion. In her objection to reconsideration, Peschong asked for an award of her attorneys' fees incurred in responding to Riggs's motion.

The magistrate denied Riggs's motion for reconsideration, stating: "As succinctly stated in defendant's objection, plaintiff's motion is unnecessary and plainly wrong. Defense counsel's fees for the objection are to be paid by the plaintiff." Riggs objects, pursuant to 28 U.S.C. § 636(b)(1)(A), contending that the magistrate's decision was error, inconsistent with prior findings, and overlooked important facts and issues. Riggs also contends that the award of fees was error because facts and evidence showed he filed the motion in good faith. Peschong filed an objection to Riggs's objection.

Riggs has not shown that the magistrate judge's decision on the merits of his motion for reconsideration was either clearly erroneous or contrary to law. § 636(b)(1)(A). If the court determines that any of the requirements of Federal Rule of Civil Procedure 11(b) have been violated, "the court may impose an appropriate sanction on a . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Before doing so, however, the court must give the party notice and a reasonable opportunity to respond.  <u>Id.</u>  In addition, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  Although the court may raise an issue of sanctions sua sponte, in that event, the court must order the offending party to show cause why a sanction should not be imposed.  Fed. R. Civ. P. 11(c)(3).

Peschong included a request for fees as part of her objection to Riggs's motion for reconsideration.  She did not move separately for sanctions.  The magistrate awarded fees without first giving Riggs notice that the sanction could be imposed and an opportunity to respond.  Therefore, the fees award is contrary to the applicable law and is vacated.

Conclusion

For the foregoing reasons, the magistrate judge's decision denying the plaintiff's motion for contempt and motion for reconsideration is affirmed. The award of attorneys fees to the defendant, included with the decision denying the plaintiff's motion for reconsideration, is vacated.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

February 20, 2009

cc: Resource Management Company, Benjamin C. Riggs, Jr.
Douglas Gould, Esq.
Peter Callaghan, Esq.