UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Benjamin C. Riggs, Jr. d/b/a</u>
<u>Resource Management Company</u>

   v.                                     Civil No. 06-cv-366-JD
                                             Opinion No. 2009 DNH 028

<u>Janet Peschong, Personal Representative</u>
<u>of the Estate of Frank Gregory</u>


O R D E R


The parties have waived a jury trial in this case, and therefore, the case will be tried to the court.  Issues have arisen pertaining to Janet Peschong's unconscionability defense, the videotaped deposition of Frank Gregory, and letters produced to Riggs.  The issues are resolved as follows.


I.  <u>Unconscionability Defense</u>

The court previously construed the payment terms of the Agreement, which construction is now law of the case.  Order, September 11, 2008, at 6-7.  Under the Agreement, Gregory was required to pay Riggs, from fees Gregory anticipated receiving on 67 Fen-Phen cases and after out-of-pocket expenses were deducted, the $100,000 Riggs advanced to Gregory, an additional $100,000 flat fee, and $10,000 per month after the first twelve months of

the agreement, until Gregory paid $200,000 plus the monthly fees owed at the time of payment.

Peschong was permitted to amend her pretrial statement to add the affirmative defense of unconscionability. In her amended pretrial statement, Peschong asserts that the only issue remaining for trial is damages.[1] She states that the trial will determine whether Riggs "is entitled to a return of the $100,000 paid to Mr. Gregory and whether Plaintiff is entitled to an award of any sum in excess of $100,000. [Riggs] seeks a return of his $100,000 plus an additional amount of $480,000."[2] Peschong objects to paying the additional amount of $480,000 because, she argues, the contract terms are "clearly unreasonable." Peschong contends that the terms of the Agreement "unreasonably favor Plaintiff to the direct detriment of Mr. Gregory," that "Plaintiff afforded Mr. Gregory no meaningful choice on this fee calculation as the Agreement itself notes that Mr. Gregory was out of funds and faced losing his entire investment and legal fees in the lawsuits without additional financing, and that the

---

[1] Although Riggs is correct that Peschong failed to comply with the final pretrial order which limited the amendment to one paragraph, the length of the amended statement is not grounds to bar the defense of unconscionability.

[2] In her final pretrial statement, Peschong explains that the amount of $480,000 is based on the date of the complaint and the date funds were first put into an escrow account.

monthly charges "are unreasonably excessive and bear no relation to the risk for a reasonable earning on the $100,000." Peschong further contends that "[t]here was undoubtedly a gross inequality of bargaining power between the parties." Peschong asserts the unconscionability defense to avoid that part of the agreement pertaining to payment of the additional amounts after repayment of $100,000.

Riggs moves to bar Peschong from using the unconscionability defense. Although Riggs's grounds are not entirely clear, he appears to contend that the defense should be barred because it was not addressed in discovery (other than in an interrogatory), because Peschong likens the payment provision to a loan, because New Hampshire law does not recognize unconscionability under the circumstances of this case, and because Riggs believes that Peschong cannot prove the defense.

Under New Hampshire law, a contract or a provision in a contract may be declared void if it is unconscionable. <u>Pittsfield Weaving Co., Inc. v. Grove Textiles, Inc.</u>, 121 N.H. 344, 346 (1981). "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." <u>Id.</u> (internal quotation marks omitted). Another consideration is whether a

gross inequality in bargaining power existed between the parties at the time the contract was signed.  Id.

Gregory included unconscionability as an affirmative defense in his answer.  Riggs asked Gregory, in an interrogatory, to "[s]tate the complete factual and legal basis for your Second Affirmative Defense . . . of 'unconscionability.'"  Gregory answered, in part, that the contract was "oppressive in the extreme, calling for exacting a payment obligation which is plainly oppressive and unwarranted."[3]  Riggs does not represent that he challenged Gregory's answer as incomplete.

Peschong will be permitted to assert the defense of unconscionability under the theory that the payment terms of the Purchase Agreement are unreasonably favorable to Riggs and that Gregory acquiesced to the payment terms only because he was under financial duress at that time which left him without a meaningful choice.

II.  Videotaped Deposition of Frank Gregory

Riggs intends to introduce the videotaped deposition of Frank Gregory at trial.  Peschong objects to the deposition on

---

[3]Gregory otherwise challenged the governing law, arguing that contrary to the terms of the Agreement itself, the law of Oklahoma should apply to construe the Agreement.

the grounds that a discovery deposition cannot be used at trial and that most of the deposition is irrelevant to the issues that remain in the case. Riggs responded to Peschong's objections, and Peschong filed a reply.

Peschong states that because the deposition was taken for purposes of discovery, it cannot be used at trial. Under Federal Rule of Civil Procedure 32(a)(3), however, a deposition of an adverse party may be used at trial for any purpose. In addition, a deposition of a witness who is dead may be used for any purpose. Fed. R. Civ. P. 32(a)(4); see also Fed. R. Evid. 804(b)(1). Therefore, Gregory's deposition may be used at trial for any purpose for which it is otherwise admissible.

Peschong objects to playing the entire videotape at trial, arguing that substantial portions are no longer relevant to the issues remaining in the case. Riggs agrees that two of the contested sections are not relevant but argues that other parts are relevant to counter Peschong's unconscionability defense and for certain other purposes.

In particular, Peschong argues that Gregory's testimony about his cases and other financial arrangements and transactions is not relevant. Riggs contends that Gregory's testimony about his financial arrangements and cases shows that he had other sources of financing, that he was knowledgeable about financing

arrangements such as the one he entered with Resource Management Company, and that the terms of the other agreements were similar to the terms at issue in this case. Peschong represents that the referenced transactions took place years after Gregory entered into the agreement with Riggs and therefore are not relevant to show his financial condition or bargaining power in 2002 and early 2003 when he signed the agreement with Riggs.

Evidence of Gregory's financial dealings that occurred years after his transaction with Riggs is not relevant to the circumstances that existed when he signed the Purchase Agreement for purposes of countering Peschong's unconscionability defense. On the other hand, Gregory's subsequent dealings may be relevant to show that he breached the terms of the Purchase Agreement with Riggs, to the extent, for example, the testimony shows that Gregory assigned the same assets to others that were the subject of the Purchase Agreement.[4]

Gregory's testimony about his financial circumstances in August of 2007 is not relevant to counter Peschong's unconscionability defense. Because Lyle Gregory is not going to

---

[4] Although Peschong may intend to concede that Gregory breached the Purchase Agreement, no stipulation has been entered to that effect. Therefore, unless and until a stipulation that resolves the breach of contract claim is entered on the record, Riggs bears the burden of proving that claim at trial.

be called as a witness at trial, Gregory's statement about Lyle's lack of knowledge of the transaction with Riggs is not relevant. Gregory's testimony about the property he owned with his brother indicates that Gregory could not buy the property in his own name because of credit issues, although he made the mortgage payments, and that Gregory was able to transfer it to his own name in 2007. Because the testimony does not indicate when the property was purchased, it does not relate to the time period when Gregory entered the agreement with Riggs, which was 2002 to early 2003.

    To the extent Gregory's testimony may authenticate Gregory's agreement with American Asset Finance, the testimony may be necessary for that purpose, if the agreement is relevant and admissible.  Gregory's testimony about the American Asset Finance agreement appears to relate to whether Gregory breached his agreement with Riggs by entering that agreement.  Gregory's testimony about his agreement with Douglas Peacock of Odyssey Finance Company, which is dated May 10, 2007, is not relevant to show his financial circumstances in early 2003 when he entered the agreement with Riggs.  To the extent the terms of the Odyssey agreement demonstrate a breach of Gregory's agreement with Riggs, however, that testimony would be relevant unless the issue of breach is resolved before trial.

Riggs also seeks to introduce testimony that he argues shows that Gregory admitted making a false statement on a loan application in 2006 or 2007.  Peschong disputes that Gregory admitted making a false statement.  Gregory's testimony as a whole shows that he made several false statements on the loan application, which was dated January 12, 2007, although he did not admit doing so.  The relevance of the testimony, however, is limited to showing Gregory's bad character or bad acts.  See Fed. R. Evid. 404(b) & 608(b).  Therefore, that part of Gregory's testimony is not admissible.

III.  AHP Trust Letters

On March 4, 2009, Riggs received copies of six letters, dated September 10, 2008, addressed to Frank Gregory from the AHP Settlement Trust.  He moves for permission to use the letters at trial.  In support of his motion, Riggs recounts discovery in the case, apparently suggesting that Peschong improperly withheld the letters until just before trial.  Riggs asserts, without explanation, that the letters "are directly relevant to the core subject matter of the case."  He filed a copy of only one letter from the AHP Settlement Trust with his motion.  The submitted letter pertains to payment of attorneys' fees to Gregory in one of his Fen-Phen cases.

8

Peschong objects to Riggs's motion on the ground that she offers to stipulate to the amount of the fee recovery on six of Gregory's Fen-Phen cases, represented by the letters. Based on her offered stipulation, Riggs could add the amount to the spreadsheet that shows the fees Gregory has received. Peschong asserts that the letters are not relevant if she stipulates to the amounts shown by the letters.

Because Riggs failed to file all six letters with his motion and failed to explain in what context the letters would be relevant at trial, he did not properly support his motion. Because Peschong offered to stipulate to the amounts stated in the letters but failed to submit a stipulation with her objection, her objection lacks the factual basis on which it is premised.

Therefore the admissibility of the letters cannot be decided based on the parties' filings.

Conclusion

For the foregoing reasons, the plaintiff's motion to bar the unconscionability defense (document no. 222) is denied.

The defendant's motion for leave to file a reply to the plaintiff's response to the defendant's objection to the videotaped deposition (document no. 230) is granted.

The plaintiff's motion for leave to file a reply to the defendant's objection to his motion in limine (document no. 232) is granted, and the reply was considered.

The defendant's objections to the parts of the deposition of Frank Gregory shown in Exhibits B, E, F, and G are granted to the extent that the testimony is offered to show Gregory's financial condition or sources of financing at the time of the Purchase Agreement with Riggs, and are otherwise denied without prejudice to further limitation if the breach of contract claim is resolved by stipulation.  The defendant's objection to the parts of the deposition shown in Exhibits C, H, I, J, and K are granted.  The defendant's objection to the part of the deposition shown in Exhibit D is granted; the cited testimony does not authenticate "AHP documents" as the plaintiff argues.

The plaintiff's motion to allow the AHP letters (document no. 213) is denied without prejudice to raising the issue of the admissibility of the letters at trial.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

March 19, 2009

cc:   Peter G. Callaghan, Esquire
      Douglas N. Gould, Esquire
      Resource Management Company

10